IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROOMS TO GO (P.R.), INC.,<br>　　　Plaintiff<br><br>　　　　　v.<br><br>DANIEL HAMILTON ET AL.,<br>　　　Defendants | CIVIL NO. 09-1081 (ADC) |

**REPORT AND RECOMMENDATION**

Pending before the court is a pro se motion to dismiss filed by defendants Daniel Hamilton and Limpiomuebles.com. (Docket 12). The motion to dismiss essentially alleges that: (1) any references to Rooms to Go (P.R.), Inc. ("Rooms to Go"), including said entity's logo, have been removed from defendants' website "and will no longer (ever) be used again without permission"; (2) Mr. Hamilton's neighbor is an employee of Rooms to Go that recommends defendants' furniture cleaning services; and (3) four of defendants' clients have said to Mr. Hamilton that someone from Rooms to Go recommended defendants' services.

The first argument, namely that any references to Rooms to Go have been removed from defendants' website simply confirms that the request for the preliminary injunction has become moot. (Docket 11 and 13). None of the three arguments raised by defendants in their motion to dismiss, however, show that the complaint fails to state a claim upon which relief can be granted or that the complaint should be dismissed on any other grounds under Federal Rule of Civil Procedure 12(b). The gist of plaintiff's complaint is that allegedly defendants used illegally the Rooms to Go trademark in their advertisements, causing plaintiff damages to its goodwill and reputation. (Docket 1). In their motion to dismiss, defendants are apparently taking issue with the allegation that defendants' "use of Rooms to Go's trademark in its corporate name is calculated to mislead the consumers into the belief that the services of defendants are recommended and approved by plaintiff to be provided to furniture sold in its retail stores." (Docket 1 at p.5, ¶20). Whether Rooms to Go

actually recommended or not defendants' services to its clients may arguably be a fact in controversy, but such controversy does not lead to the conclusion that the complaint is deficient for purposes of dismissal at this stage of the proceedings.

WHEREFORE, for the reasons stated above, the motion to dismiss should be DENIED.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 24th day of March, 2009.

s/Marcos E. López
United States Magistrate Judge